UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NACHIAPPAN SUBBIAH MUTHUKUMAR, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | CIVIL ACTION NO. 3:10-CV-0115-B |
| THE UNIVERSITY OF TEXAS AT DALLAS, | | |
| Defendant. | | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant The University of Texas at Dallas' Motion to Dismiss Pursuant to Rule 12(b)(6) (doc. 51), filed August 24, 2010. For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED**. Because Plaintiff is proceeding *pro se* the Court **DISMISSES** all of Plaintiff's claims but affords him one final opportunity to state valid claims upon which relief may be granted.

## I.

## BACKGROUND

This action arises out of Plaintiff Nachiappan Subbiah Muthukumar's ("Plaintiff") employment as a teaching assistant with the University of Texas at Dallas ("UTD"). Plaintiff filed a Complaint in federal court on January 22, 2010, apparently alleging discrimination, retaliation, and a hostile work environment on the basis of national origin under Titles VII and VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*See generally* Pl.'s Compl.). Plaintiff states that his national origin is Indian. (Pl.'s Compl. 1). Plaintiff also filed a Petition against UTD in state court on March

- 1 -

12, 2010, alleging similar claims. (Pl.'s Original Pet. 1 (doc. 1-4), *Plaintiff v. The University of Texas at Dallas*, No:3-10-CV-1133-B). UTD removed the state court action to this Court (Def.'s Notice of Removal (doc. 1), *Plaintiff v. The University of Texas at Dallas*, No. No:3-10-CV-1133-B), and the Court consolidated that case with the instant case on July 23, 2010 (Order of Consolidation (doc. 3), *Plaintiff v. The University of Texas at Dallas*, No:3-10-CV-1133-B). Plaintiff subsequently moved for leave to file an amended complaint (doc. 40), a request that the Court granted (doc. 41). On August 11, Plaintiff filed his Amended Complaint (doc. 43), styled as "Plaintiff's Original Complaint and Jury Demand," referencing his Title VI and Title VII claims and alleging state causes of action of conspiracy, fraud by non disclosure, negligence per se, negligence, breach of contract, intentional infliction of emotional distress, defamation per se, loss of consortium, and loss of earning capacity. (Pl.'s Am. Compl. 5-9). Plaintiff also filed a third related suit against one of his supervisors, Professor Doug Kiel, *Plaintiff v. Kiel*, No. 3:10-CV-1131-B. That case is also currently proceeding before this Court.

UTD now moves to dismiss all of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted (Def.'s Mot. Dismiss 1). Plaintiff responded to UTD's arguments on September 8, 2010 (doc. 54). UTD did not reply.

II.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the

complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not wurvive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

Because Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint with all possible deference. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* plaintiff

ordinarily should be given "every opportunity" to state a possible claim for relief. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998). Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend. *Barowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

## III.

## ANALYSIS

UTD moves to dismiss all of Plaintiff's claims under Rule 12(b)(6). The Court first examines UTD's arguments in support of dismissing Plaintiff's Title VII claims. Second, the Court looks at UTD's arguments concerning Plaintiff's Title VI claims. Next, the Court analyzes Plaintiff's state-law claims. Finally, the Court considers the parties' arguments concerning Plaintiff's breach of contract claim.

### A. *Plaintiff's Title VII Claims*

UTD argues that the Court should dismiss Plaintiff's Title VII claims because plaintiff has failed to adequately plead them in his amended complaint, his claims for events occurring prior to October 28, 2009 are time-barred, and the only alleged event occurring after that date concerned his role as a student, not an employee and was not an adverse employment action. (Def.'s Br. in Supp. of Mot. Dismiss 4-7). Plaintiff disputes each of UTD's contentions. (*See generally* Pl.'s Br. in Supp. of Resp. to Def.'s Mot. Dismiss 1-3). The Court finds that Plaintiff's Title VII claims should be dismissed because all but one claim is time-barred, and that one claim involved Plaintiff's role as a student, not an employee of the University.

UTD first argues that Plaintiff's Amended Complaint fails to adequately adopt or incorporate by reference his claims in his Original Complaint. (Def.'s Br. in Supp. of Mot. Dismiss 4). Plaintiff

responds that he has adequately incorporated the Original Complaint. (Pl.'s Br. in Supp. of Resp. to Def.'s Mot. Dismiss 3). The Court finds that under the liberal pleading standards afforded *pro se* litigants discussed above, Plaintiff has indeed incorporated by reference the Title VI and Title VII claims referenced in his Original Complaint. Plaintiff's Amended Complaint states, "The original federal claims filed in this court dealt with employment discrimination, retaliation and harassment based on Title VII of the Civil Rights Act of 1964. And discrimination, retaliation, harassment and hostile academic environment based on Title VI of the Civil Rights Act of 1964. *Apart from these federal claims*, the plaintiff files the following claims under Texas law." (Pl.'s Am. Compl. 5 (emphasis added)). The Court finds that Plaintiff's statements in the Amended complaint adequately incorporate the federal claims alleged in his Original Complaint.

UTD next argues that the Court should dismiss any of Plaintiff's Title VII claims that are based on events occurring before October 28, 2008 because they are time-barred. (Def.'s Br. in Supp. of Mot. Dismiss 4). Plaintiff disputes some of the dates asserted by UTD. (Pl.'s Br. in Supp. of Resp. to Def.'s Mot. Dismiss 1-2). Title VII requires that parties exhaust administrative remedies before instituting suit in federal court. 42 U.S.C. § 2000e-5(e). "In a state that, like Texas, provides a state or local administrative mechanism to address complaints of employment discrimination, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged." *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998). A plaintiff must file a charge with the EEOC within the statutory time period; any suit based on charges not filed with the EEOC within the statutory time period are barred as a matter of law. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

The Court must therefore determine whether and when Plaintiff filed a charge with the

EEOC. It is uncontroverted that Plaintiff filed a formal charge against Defendant with the EEOC on November 4, 2009. (Pl.'s Orig. Compl. 5). However, prior to that date, Plaintiff also filed an EEOC Intake Questionnaire on August 24, 2009. (Pl.'s Orig. Compl. 2-4). An EEOC Intake Questionnaire does not constitute an EEOC charge when if fails to request remedial action. *Asongwe v. Wash. Mut. Card Servs. & Subsidiaries*, No. 3:09-CV-0668-G, 2009 WL 2337558, at *3 (N.D. Tex. July 29, 2009) (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402-03 (2008)). However, Plaintiff's Questionnaire includes a box checked by Plaintiff indicating "I want to file a charge of discrimination . . . ." (Pl.'s Orig. Compl. 4). When juxtaposed with the preceding unchecked box, which states "I understand that by checking this box, I have not filed a charge with the EEOC," the Court finds that Plaintiff's representations on his Intake Questionnaire constitute a charge for purposes of the statute. (*See id.*).

With the charge being filed on August 24, 2009, Plaintiff may only bring suit for claims arising during the statutory time period, the previous three hundred days. Three hundred days before August 24, 2009 sets the statutory period's beginning at October 28, 2008. Thus, any claims based on events that occurred prior to October 28, 2008 are time-barred. Plaintiff alleges that the Defendant discriminated against him from June 1, 2007 until November 19, 2008. Plaintiff's claims based on alleged discriminatory acts from June 1, 2007 until October 28, 2008 are therefore time-barred as a matter of law and should be **DISMISSED**.

The only discriminatory act Plaintiff alleges occurred after October 28th was when he was "instructed not to push this issue [of grades] any further and . . . was threatened by one facility that [he would] not be in the University if [he] raised this issue again." (Pl.'s Compl. 5). However, this allegation solely concerns Plaintiff's role as a graduate student at the university, not his being an

employee. When a plaintiff has dual roles as a student and an employee of a university, as is common with graduate students, he cannot bring a claim under Title VII for "purely academic decisions, such as the testing and qualification of doctoral students, that have only a tangential effect on one's status as an employee." *Bucklen v. Renesselaer Polytechnic Inst.*, 166 F. Supp. 2d 721, 725 (N.D.N.Y. 2001); *see Kovacevich v. Vanderbilt University*, No. 3:09-0068, 2010 WL 1492581, at *14 (M.D. Tenn. Apr. 12, 2010) (providing list of cases where courts have concluded that Title VII only applies to conduct occurring while the plaintiff is in his employee role, not his student role). Thus, Plaintiff's claim based on activities involving his status as a student around November 10, 2008 should also be **DISMISSED**.

  B.  *Plaintiff's Title VI Claims*

UTD argues that Plaintiff's Title VI claims do not survive the 12(b)(6) standard either because Plaintiff has failed to adequately plead facts that indicate that UTD intentionally discriminated against Plaintiff. (Def.'s Br. in Supp. of Mot. Dismiss 7-9). Plaintiff responds that he has adequately pled a Title VI claim, pointing to the contents of his Response (doc. 13) to UTD's original Motion to Dismiss. (Pl.'s Br. in Supp. of Resp. to Def.'s Mot. Dismiss 2).

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI does not protect individuals from unfair decisions, but only decisions that are made with discriminatory intent. *Bisong v. University of Houston*, 493 F. Supp. 2d 896, 905 (S.D. Tex. 2007) (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995). Accordingly, in order to adequately plead a Title VI claim, a plaintiff must include

allegations of acts of intentional discrimination committed by a defendant. *See id.*

Neither Plaintiff's Amended Complaint nor his Original Petition in state court specifically allege any acts of intentional discrimination committed by UTD. However, as discussed above, Plaintiff's Amended Complaint does adequately incorporate by reference his original Complaint. (Am. Compl. 5). Plaintiff's Original Complaint states, "I have been discriminated because of my national origin–'Indian.'" (Pl.'s Orig. Compl. 1). He goes on to state that Professor Lin was "partial[] towards [C]hinese" and that he "is very racist towards Indians." (*Id.* at 3). However, nowhere in this complaint does Plaintiff provide an allegation that a certain act taken by UTD was performed with a discriminatory intent. Plaintiff refers the Court to his Response to UTD's original Motion to Dismiss. While that document properly states the purpose and scope of Title VI, it does not include specific allegations of instances of discrimination. In order for Plaintiff to survive the 12(b)(6) standard of dismissal, Plaintiff must instead provide specific allegations of acts that were taken with discriminatory intent. Accordingly, Plaintiff's claims under Title VI should be **DISMISSED**.

C. *Plaintiff's State Law Claims*

UTD argues that Plaintiff's claims for conspiracy, fraud by nondisclosure, negligence per se, negligence, intentional infliction of emotion distress, defamation per se, and loss of consortium are state law tort claims, and thus the claims should be dismissed because UTD has sovereign immunity in those areas. (Def.'s Br. in Supp. of Mot. Dismiss 9-10). Plaintiff responds that sovereign immunity does not extend to certain types of claims. (Pl.'s Br. in Supp. of Resp. to Def.'s Mot. Dismiss 3-4).

The State of Texas, its agencies, and subdivisions generally enjoy sovereign immunity from tort liability. *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). A state-funded university like UTD is considered a state agent for sovereign immunity purposes. *Wichita Falls State*

*Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003). There are three exceptions to the State's general immunity from tort claims: "the use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Id.*; TEX. CIV. PRAC. & REM. CODE § 101.021. None of these exceptions apply to Plaintiff's allegations, and thus Plaintiff's state law tort claims are precluded by the State's sovereign immunity. Accordingly, Plaintiff's state law tort claims should be **DISMISSED**.

### D. *Plaintiff's Breach of Contract Claim*

Finally, UTD argues that Plaintiff's breach of contract claim should be dismissed because Plaintiff has not pled the existence of a valid contract, Plaintiff's adequate performance under the alleged contract, how Defendant breached the alleged contact, and what damage Plaintiff suffered as a result of the breach. (Def.'s Br. in Supp. of Mot. Dismiss 10). Plaintiff responds that he "need not provide copies of the contract or get into details of how the defendant breached the contract" at this stage of the litigation. (Pl.'s Br. in Supp. of Resp. to Def.'s Mot. Dismiss 4). While Plaintiff is correct that he need not provide the physical contract at this time, his complaint must provide a sufficient basis for relief in order for it to proceed. *See Iqbal*, 129 S. Ct. At 1949. Plaintiff's Complaints, as they are currently constructed, do not contain allegations that would satisfy each element for breach of contract, and thus do not satisfy the pleading standards of the federal rules. Accordingly, Plaintiff's breach of contract claim should be **DISMISSED**.

### IV.

### CONCLUSION

Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) is hereby **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED**. However, because Plaintiff is proceeding *pro se*, the

Court believes he should be given one final chance to once again amend his pleadings. Accordingly, Plaintiff's claims are **DISMISSED without prejudice**, and Plaintiff must file his Second Amended Complaint **on or before Friday, February 4, 2011**. Plaintiff is instructed that since his previous claims have been dismissed, he should not attempt to incorporate by reference any prior petition or complaint. Instead, Plaintiff should include all claims and allegations upon which he seeks recovery against UTD in the Second Amended Complaint.

SO ORDERED.

DATED December 27, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE